FILED
COURT OF APPEALS
DIVISION II

2014 SEP -9 PM 1:30

STATE OF WASHINGTON

BY_____
          DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| GLENDA NISSEN, an individual, | No. 44852-1-II |
| Appellant, | |
| v. | |
| PIERCE COUNTY, a public agency; PIERCE COUNTY PROSECUTOR'S OFFICE, a public agency, | PUBLISHED OPINION |
| Respondent. | |
| PROSECUTOR MARK LINDQUIST, | |
| Intervenor. | |

HUNT, J. — Glenda Nissen appeals the superior court's CR 12(b)(6) dismissal of her Public Records Act (PRA)[1] action against Pierce County and the Pierce County Prosecutor's Office (County); she also appeals several other related superior court orders. At issue is whether a government employee's private cellular telephone call log records and text messages are "public records" subject to disclosure under the PRA. We hold that (1) call logs for a government official's private cellular phone constitute "public records" only with regard to the calls that relate to government business and only if these call logs are used or retained by a government agency; (2) text messages sent or received by a government official constitute "public records" only if the text messages relate to government business; and (3) because some of the private cellular phone call logs and text messages Nissen requested may qualify as "public

_____

[1] Chapter 42.56 RCW.

records," the superior court erred in granting the County's CR 12(b)(6) motion to dismiss her PRA complaint. We also hold that the superior court did·not err in staying discovery until after the CR 12(b)(6) hearing. We reverse the superior court order granting the County's motion to dismiss and remand to the superior court to reinstate Nissen's action and to develop the record.[2]

FACTS

## I. PUBLIC RECORDS REQUESTS

Glenda Nissen is a detective with the Pierce County Sheriff's Department (Department) and a member of the Pierce County Deputy Sheriff's Guild (Guild). The Department hired her in 1997; she has worked there as a detective since 2000. Mark Lindquist is the elected Pierce County Prosecutor. Lindquist has a County-provided cellular phone, which he rarely uses, apparently preferring instead to use his personal cellular phone to conduct government business.

In connection with a separate whistleblower action that Nissen filed,[3] the County produced (1) records showing that Lindquist generally used his County-provided cellular phone less than 10 minutes per month, and (2) heavily redacted records of Lindquist's personal cellular phone use. These redacted personal cellular phone call logs showed: 9 work-related calls totaling 41 minutes on August 3, 2011; 13 work-related calls totaling 72 minutes on August 2, 2011; 10 work-related calls totaling 46 minutes on June 7, 2010; and 16 work-related text messages on August 2 and 3, 2011.

On June 3, 2011, Nissen submitted a PRA request asking the County to preserve "any and all . . . cellular telephone records" for Lindquist's personal cellular telephone number.

---

[2] Therefore, we do not address Nissen's challenge to the superior court's other orders.

[3] Nissen's whistleblower claim is not at issue in this appeal.

No. 44852-1-II

Clerk's Papers (CP) at 29. On August 3, Nissen sent another PRA request to the County, which stated:

Please produce any and all of Mark Lindquist's cellular telephone records for number 253-861-[redacted here but provided in Nissen's records request[4]] or any other cellular telephone he uses to conduct his business including text messages from August 2, 2011.

CP at 15.

On September 16, the County produced the first installment of requested records; on September 28 the County was "prepared" to release the remaining records that it considered responsive to Nissen's request. CP at 16. The County also provided a log of exemptions that it had used to support redacting the produced records. These claimed exemptions variably cited "RCW 42.56.050"; "Invasion of Privacy"; "Non-Public Information, Personal Phone Calls"; "Non-Public Information, Last 4 digits of employee's personal phone number redacted"; "Residential or personal wireless phone numbers, last 4 digits redacted"; "Non-Public Personal Phone Calls"; or "Non-Public Personal Text Messages." CP at 88.

On September 13, Nissen submitted another PRA request, which stated, "The new public records request is for Mark Lindquist's cellular telephone records for number 253-861-[redacted

---

[4] To protect Lindquist's privacy, the superior court redacted from its records the last four digits of his personal cellular phone number. We issued a similar order redacting from the appellate record the last four digits of Lindquist's personal cellular phone number.

here but stated in the records request] for June 7, [2010]."[5]  CP at 17.  This request, however, omitted Nissen's previous request's qualifier that the records be work related.  The County responded on September 19 with heavily redacted records of Lindquist's personal cellular phone use and an exemption log citing the same exemptions it had previously cited when it produced records in response to Nissen's earlier request.

## II. PROCEDURE

On October 26, 2011, Nissen sued the County, asserting that it had claimed improper exemptions and had wrongfully redacted records in responding to her PRA requests.[6]  Lindquist intervened.[7]  The superior court entered orders (1) striking and sealing all court filing references disclosing the last four digits of Lindquist's personal cellular phone number, and (2) staying all discovery pending a hearing on the County's CR 12(b)(6) motion to dismiss.[8]  Later ruling that private cellular phone records of elected government officials are not public records subject to

---

[5] Although Nissen's September 13, 2011 public records request initially requested records from "June 7, 2011," this was a typographical error that the parties clarified in subsequent communications.  Neither Nissen nor the County disputes that they understood the request to be for records from June 7, 2010.  CP at 17.

[6] Despite Nissen's complaint's lack of specificity, her counsel told the superior court that she was seeking records responsive to both her August 3 and September 13, 2011 requests.

[7] As an intervenor in the superior court proceedings below, Lindquist is also involved in this appeal, even though the superior court did not rule on his motion for temporary restraining order and preliminary injunction.

[8] This latter order is also called the "November 23, 2011 status conference order."

the PRA, the superior court granted the County's motion to dismiss Nissen's complaint.[9] The superior court later denied Nissen's motion for reconsideration.

Nissen sought direct review by the Washington State Supreme Court of the superior court's orders (1) striking and sealing Lindquist's personal cellular phone number, (2) postponing discovery until after the hearing on the County's motion to dismiss, (3) dismissing her complaint, and (4) denying her motion for reconsideration. On May 1, 2013, the Supreme Court transferred Nissen's appeal to our court.

## ANALYSIS

Nissen argues that the PRA does not, as a matter of law, insulate Lindquist's personal cellular phone call logs and text messages from public records release requests, especially where

___

[9] Although the superior court's written order did not set forth its reasoning, its oral ruling explained:

> I find that [RCW] 42.56.050, the invasion of privacy is simply that. I go back to number one, *it is not a public record*. The private cell phone records of a public elected official or a public employee are not public records. Number two. I believe that [Lindquist] has a right to privacy as a valid exemption; and three, I do think that I have absolutely no power to require the third-party provider, without a search warrant application with probable cause, to disclose records. *I have no power to do so under [the PRA]*. Whether or not [the PRA] violates the elected official or public official's constitutional rights, be either state or federal, I find that they still have those rights; that just because you run for public office does not make you exempt in your maintaining of your right against search and seizure, either under the state constitution or the federal constitution, and that's my ruling.

Verbatim Report of Proceedings (Dec. 23, 2011) at 94-95 (emphasis added).

such records contain communications about government business.[10] To the extent that an elected public official uses a private cellular phone to conduct government business, we agree.

I. STANDARD AND SCOPE OF REVIEW

We review de novo a superior court's CR 12(b)(6) dismissal of a plaintiff's action. *Burton v. Lehman*, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005). Dismissal under CR 12(b)(6) is appropriate only "if 'it appears beyond doubt that the plaintiff cannot prove any set of facts which would justify recovery.'" *Burton*, 153 Wn.2d at 422 (quoting *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998)). We presume Nissen's allegations to be true; and we "'may consider hypothetical facts not included in the record.'" *Burton*, 153 Wn.2d at 422 (quoting *Tenore*, 136 Wn.2d at 330).

We interpret the PRA in light of the principle that full access to information concerning the conduct of every level of government is a fundamental and necessary precondition to the sound governance of a free society. *Neighborhood Alliance of Spokane County v. Spokane County*, 172 Wn.2d 702, 714-15, 261 P.3d 119 (2011). We balance this free and open government principle against the countervailing principle that individuals, including government employees, should be free from unreasonable searches and intrusions into their private affairs.

---

[10] Nissen similarly argues that the superior court erred in granting the County's CR 12(b)(6) motion to dismiss her complaint by "wrongly presum[ing]" that a public official's government-related records on a personal cellular phone can never be disclosed. Br. of Appellant at 9. The County responds that the superior court properly dismissed Nissen's complaint because, as a matter of law, the PRA did not convert Lindquist's personal phone records into "public records." Br. of Resp't at 13.

Nissen also argues that the trial court considered evidence outside of her complaint's allegations, thereby converting the motion to dismiss into a motion for summary judgment. Because we decide the underlying PRA issue on unrelated grounds, we do not further address this summary judgment argument.

No. 44852-1-II

WASH. CONST. art. I § 7; U.S. CONST. amend. IV; *see Freedom Found. v. Gregoire*, 178 Wn.2d 686, 695, 310 P.3d 1252 (2013) ("PRA must give way to constitutional mandates").

## II. CR 12(B)(6) DISMISSAL OF PRA CLAIM

The PRA applies only to requests for "public records," which consist of three elements: (1) "any writing"; (2) "containing information relating to the conduct of government or the performance of any governmental or proprietary function"; (3) "prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." RCW 42.56.010(3). Washington courts "liberally construe" the term "public record" as referring to "nearly any conceivable government record related to the conduct of government." *O'Neill v. City of Shoreline*, 170 Wn.2d 138, 147, 240 P.3d 1149 (2010). We address each of these three public record components in turn.

### A. Writing

Nissen's PRA requests included two types of "writings": (1) a call detail log[11] of incoming and outgoing calls from Lindquist's personal cellular phone, and (2) copies of text messages sent and received by Lindquist from his personal cellular phone. Both types of records fit within the PRA's broad definition of a "writing" as

> [h]andwriting, typewriting, printing, photostating, photographing, and every other means of recording any form of communication or representation including, but not limited to, letters, words, pictures, sounds, or symbols, or combination thereof, and all papers, maps, magnetic or paper tapes, photographic films and prints, motion picture, film and video recordings, magnetic or punched cards, discs, drums, diskettes, sound recordings, and other documents including existing data compilations from which information may be obtained or translated.

RCW 42.56.010(4).

---

[11] A call log includes information about the duration of a phone call, the phone number from which a call was made or received, and, sometimes, the origin and destination of a phone call.

The County does not contend that cellular phone text messages do not constitute writings. A copy of a text message is plainly a "communication or representation" within the meaning of the PRA's definition of a "writing." RCW 42.56.010(4). The County does argue, however, that Lindquist's personal cellular phone call logs do not constitute disclosable "writings" under the PRA because a third party provider prepared them. But the PRA does not limit disclosure to documents prepared only by government officials.

### B. Relating to Government Conduct

Lindquist admits that he conducted government work on his personal cellular phone. He and the County concede that some of his personal cellular call logs contained records of his government-related communications and that some of his personal cellular text messages discussed government business. Therefore, at least some of Lindquist's personal cellular phone records satisfy the second element of a public record because they contain "information relating to the conduct of government or the performance of any governmental or proprietary function." RCW 42.56.010(3).

Nissen argues that all of Lindquist's personal cellular phone records are public records because he used that phone to conduct government business. Lindquist and the County contend that not all of Lindquist's personal cellular phone records related to government business and that some of the information Nissen sought was purely personal. Purely personal

8

communications of government officials are not public records subject to PRA disclosure.[12] *See Forbes v. City of Gold Bar*, 171 Wn. App. 857, 868, 288 P.3d 384 (2012), *review denied*, 177 Wn.2d 1002 (2013) (purely personal emails not public records). Nor does a government employee's use of a single device for both work and personal communications transform *all* records relating to that device into "public records." *Forbes*, 171 Wn. App. at 868.

We take judicial notice that the unique nature of Lindquist's employment as Pierce County Prosecutor requires him to be available to fulfill "public duties 24 hours a day 7 days a week." CP at 453. But Nissen's broad interpretation of what constitutes a "public record"[13] could conceivably subject *all* records of a public prosecutor's personal phone calls to a PRA request, whether made on a government-owned device or on a personal device, thereby eradicating protections for purely personal information.

---

[12] *See also* amici curiae's argument that Lindquist's private cellular phone records are not "public records" because they fall under the exempt categories of "personal notes, phone messages, and personal appointment calendars." Br. of Amici Curiae of WA Fed'n of State Empls., at 5 (citing *Yacobellis v. City of Bellingham*, 55 Wn. App. 706, 712, 780 P.2d 272 (1989), *review denied*, 114 Wn.2d 1002 (1990)). *Yacobellis*, however, excluded those records from PRA disclosure because they were

> created solely for the [government official's] convenience or to refresh [the official's] memory, [were] maintained in a way indicating a private purpose, [were] not circulated or intended for distribution within agency channels, [were] not under agency control, and [could] be discarded at the writer's sole discretion.

*Yacobellis*, 55 Wn. App. at 712. Here, in contrast, neither Lindquist nor the County argues that Lindquist's private cellular phone call logs were created solely for his personal convenience. Nor does Lindquist argue that he could require his cellular phone service provider to destroy the records at his sole discretion. Thus, *Yacobellis* does not necessarily exempt all of Lindquist's personal cellular phone records from being "public records."

[13] Despite Nissen's argument that the public would want to know how a government employee spends the work day, her standalone assertion is inadequate to show that a government employee's purely personal records, made on a private device, are "public records" subject to disclosure. *Forbes*, 171 Wn. App. at 868.

Nevertheless, Lindquist's decision to forego his County-issued cellular phone in favor of using his personal cellular phone to conduct government-related communications (1) rendered his cellular phone use no longer purely personal; and (2) thus, potentially subjected his personal cellular phone call detail log and text message records to agency scrutiny before release in response to a PRA request. Lindquist's personal cellular phone records that "relat[e] to the conduct of government"[14] satisfy the second element of a public record. On the other hand, the portions of the cellular phone call logs relating to Lindquist's personal calls and his personal text messages do not satisfy the second, "government" element and, therefore, are not "public records."

The record before us on appeal, however, is inadequate to determine which portions of Lindquist's personal cellular phone records and which text messages satisfy the second element of the definition of "public record." The superior court must make this determination after developing the necessary record on remand.

### C. Used or Retained by Government Agency

The third element of a "public record" is whether Lindquist's personal cellular phone call logs and text messages were "prepared, owned, used, or retained by [a] state or local agency." RCW 42.56.010(3). Lindquist is an elected official in charge of a local government agency—the Pierce County Prosecutor's Office. Here, we focus on the "used" or "retained" components.

#### 1. Text messages

Text messages relating to government business that Lindquist sent and received on his personal cellular phone clearly were "prepared" and "used" in his capacity as a public official,

---

[14] RCW 42.56.010(3).

10

and, therefore, satisfy the third "public record" element. That such government-business-related text messages were contained on a personal cellular phone is immaterial. Our Supreme Court has refused to exempt personal device communications from records subject to the PRA, stating, "If government employees could circumvent the PRA by using their home computers for government business, the PRA could be drastically undermined." *O'Neill*, 170 Wn.2d at 150.

### 2. Call logs

Lindquist's personal cellular phone call log records are more problematic. Neither Lindquist nor the County prepared these records. Rather, Lindquist's cellular phone provider prepared them and apparently mailed them to him at his private address. Under the plain language of RCW 42.56.010(3), Lindquist's personal cellular phone records do not qualify as "public records" if he (or a prosecutor's office employee) did not review, refer to, or otherwise use them in his capacity as a government official or if he did not store them in his government office. The issue here is whether Lindquist used or retained his personal cellular phone call logs in his capacity as a government official so as to satisfy the third element of the "public record" test.[15]

More specifically, the third element of a "public record" under RCW 42.56.010(3) is that the government agency "used" the records, not the cellular phone to which the records relate. Thus, the more specific issue is not whether Lindquist "used" his personal cellular phone in his capacity as a government official, but rather whether he "used" his personal cellular phone *records* in that capacity. For example, Lindquist might have consulted his personal cellular

---

[15] The County also asserts that Lindquist himself is not a "state or local agency" and, thus, his personal cellular phone call logs are not subject to the PRA. Br. of Resp't County at 18 (emphasis omitted). We disagree. As an elected public official, Lindquist is subject to the PRA if he owned, used, or retained records relating to government business in his official capacity.

phone call logs to determine when he talked to a particular person about government business or to track the number of calls relating to a particular governmental issue. If so, he would have been "using" these logs in his capacity as a government official. Lindquist's personal cellular phone call logs also would be "public records" under RCW 42.56.010(3) and subject to PRA disclosure if he "retained" them in his capacity as a government official by storing them in the prosecutor's office or in some other government office.

The record before us on appeal is inadequate to determine whether portions of Lindquist's personal cellular phone call logs relating to government business satisfy the third element of the definition of "public record," namely whether Lindquist (or a prosecutor's office employee) actually reviewed, referred to, or otherwise "used" these call logs for government purposes. The superior court must make this determination after developing the record on remand.[16]

### D. Summary

Based on our analysis of the three elements of RCW 42.56.010(3)'s definition of "public record" and on Lindquist's admission that he conducted some government work using his personal cellular phone, at least some of Lindquist's personal cellular phone call records and text messages may qualify as "public records," subject to PRA disclosure, sufficient to defeat CR 12(b)(6) dismissal. Lindquist's personal cellular phone call logs are "public records" if (1) the calls reflected in the logs related to government business; and (2) Lindquist (or another public

---

[16] Because we reverse the superior court's dismissal order and remand for further development of the record, we do not reach the question of whether Lindquist's personal cellular phone call logs became "public records" when he delivered them to the prosecutor's office for the agency to redact.

employee) reviewed, referred to, or otherwise "used" these records for government purposes or stored the records at a public office. Similarly, text messages that Lindquist sent and received on his personal cellular phone are "public records" subject to disclosure under the PRA only if they related to government business. But any portions of the call log records reflecting Lindquist's private calls are not public records and, thus, are not subject to disclosure under the PRA. Similarly, Lindquist's purely private cellular phone text messages are not "public records" and are not subject to disclosure under the PRA.

Because we consider even hypothetical facts when reviewing a superior court's CR 12(b)(6) dismissal, we hold that (1) Nissen stated a claim that at least some of Lindquist's personal cellular phone call logs and text messages are subject to PRA disclosure, (2) it does not appear "'beyond doubt that [she] cannot prove any set of facts which would justify recovery,'"[17] and (3) the superior court erred in dismissing Nissen's action under CR 12(b)(6). Thus, we reverse and remand to the superior court (1) to reinstate Nissen's complaint; (2) to develop a record necessary for determining which of Lindquist's personal cellular phone text messages and call logs, if any, pertained to the conduct of government business; and (3) to determine which portions of the records Nissen requested, if any, constitute public records that must be disclosed under the PRA.

Because we remand to the superior court, we do not address Nissen's and Lindquist's constitutional privacy arguments. Instead, we leave these arguments for the superior court, which will be in a better position to consider them on remand after developing the appropriate record.

---

[17] *Burton*, 153 Wn.2d at 422.

IV. ORDER ON STATUS CONFERENCE

Nissen also appeals the superior court's November 23, 2011 status conference order, arguing that (1) this order improperly stayed discovery pending the hearing on the County's CR 12(b)(6) motion, and (2) the superior court improperly considered declarations and matters outside her complaint when it decided the CR 12(b)(6) motion. The County argues that the superior court properly stayed discovery and that its consideration of documents referenced in Nissen's complaint did not convert CR 12(b)(6) review into a CR 56 summary judgment motion.

We review a superior court's decision to stay proceedings for an abuse of discretion. *See King v. Olympic Pipeline Co.*, 104 Wn. App. 338, 348, 16 P.3d 45 (2000). Although we reverse the superior court's CR 12(b)(6) dismissal of Nissen's complaint, we nevertheless hold that CR 26(c)(1) gave the superior court discretion to stay discovery until after the CR 12(b)(6) hearing, which discretion the superior court did not abuse.[18]

V. ATTORNEY FEES

Nissen asks us to award attorney fees and costs for both appellate and superior court proceedings, as well as penalties under the PRA. The County does not expressly contest Nissen's request for attorney fees; instead, it relies on its argument that we should affirm the superior court's CR 12(b)(6) dismissal.

RCW 42.56.550(4) of the PRA provides:

---

[18] Because we reverse the superior court's CR 12(b)(6) dismissal of Nissen's complaint, we do not address (1) Nissen's argument that, in deciding the County's CR 12(b)(6) motion, the superior court improperly considered declarations and matters outside her complaint; and (2) Nissen's motion for reconsideration.

Because Nissen failed to present adequate argument in her opening brief, contrary to RAP 10.3(a)(6), we do not address her appeal from the superior court's November 4, 2011 order granting motion to strike and seal or its November 23, 2011 status conference order.

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time *shall be awarded* all costs, including reasonable attorney fees, incurred in connection with such legal action.

(Emphasis added.) Nevertheless, our Supreme Court has held that attorney fees "should be granted only when documents are disclosed to a prevailing party," and "where further fact finding is necessary to determine whether the PRA was violated, the question of attorney fees should be remanded to the trial court." *O'Neill*, 170 Wn.2d at 152 (citing *Concerned Ratepayers Ass'n v. Pub. Util. Dist. No. 1 of Clark County*, 138 Wn.2d 950, 964, 983 P.2d 635 (1999)). Because we do not reach the question of whether the County violated the PRA, and because we do not decide whether the County must disclose particular documents, we do not award fees. Instead, we leave that issue for the superior court to address on remand if appropriate. *See O'Neill*, 170 Wn.2d at 152.

We reverse the superior court's CR 12(b)(6) dismissal of Nissen's PRA action against the County. We remand to the superior court to reinstate Nissen's action and to determine whether, under the specific facts of this case, Lindquist's personal cellular phone call logs and text messages constitute "public records" as defined in RCW 42.56.010(3).

_____
Hunt, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Maxa, J.

15