FILED
4/27/2020
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| JULIET S. SARIOL, | ) | No. 79807-3-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| PAUL G. ALLEN FAMILY | ) | UNPUBLISHED OPINION |
| FOUNDATION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

MANN, C.J. — Juliet Sariol appeals the trial court's order dismissing her case with prejudice. On appeal, Sariol fails to substantively argue how the trial court erred. We affirm.

I.

On October 24, 2018, Sariol filed a "Notice of Petition to Restrain Assets" against the Paul G. Allen Family Foundation (the Foundation) in King County Superior Court. After this initial filing, Sariol filed an "Emergency Motion for Joinder and Judgment on Partial Finding" and a "Motion for Intervene and Permanent Injunction" several days later. None of these filings were styled as a complaint or served with a summons.

Citations and pin cites are based on the Westlaw online version of the cited material.

In her filings, Sariol alleges she was the subject of scientific experimentation without her consent by the government or military and that devices were secretly implanted in her body. Sariol contends she was the victim of stalking, harassment, vandalism, and home invasion. Sariol also discusses suffering from breast cancer and parasites. In all of these filings, the only allegation that even closely resembles an allegation against the Foundation is a reference to Paul Allen, where she alleges "The case's involvement to secret Hollywood Agenda hinting conveyance are one of the attributions of responsible projects that the late Paul Allen himself invested on to his philanthropic community engagements." Most of Sariol's filings are difficult to understand.

In response, the Foundation filed a motion to dismiss for failure to state a claim. The Foundation noted that Sariol did not state an articulable claim, did not allege any specific actions against the Foundation, and disregarded procedural court rules. Sariol then filed a "Motion to Stipulate and Enter Objection on Motion to Dismiss the Case," which did not respond to the deficiencies identified in her filings by the Foundation.

The trial court heard argument on the Foundation's motion. The Foundation explained why the documents filed by Sariol did not present a claim for relief and failed to comply with CR 4, 8, and 10. Sariol responded by asking the court to accept all her filings as her "real evidence" and "testimonials." The trial court clarified that Sariol wanted the court to accept her filings as her pleadings and explained that evidence would not be taken because the hearing was on the Foundation's motion to dismiss:

> We're—today is a motion to dismiss based on your pleadings, the things that you have filed. I don't know what is—what you have in front of you, what kind of documentation you have, but today would not be the day to

roll that out anew for the first time for the defendant. That's not how a motion to dismiss works.

Sariol responded that she would limit her argument to the motion to dismiss but argued there were violations of discovery rules. Sariol explained:

> I had cited—I have cited the defendant in violation of Rule 26 discovery, Rule 26(b) discovery limits to pattern of interrogations or interrogatory— pattern interrogatory. Which governs in cases where a party has propounded pattern interrogatory (indiscernible) interrogatory in pursuant to LCR 33. And in cases—B, in cases where now court-approved pattern interrogatories [are] not propounded, (indiscernible) limitation of 40 pattern interrogatory.

During the hearing, Sariol never explained her claims against the Foundation. Similarly, Sariol claimed in her "Emergency Strict Reply Memoranda and Objection to Dismiss the Case with Prejudice,"

> [t]he Foundation which operations of multi-disciplinary knowledge professions are integrated community from where plaintiff received treatment of her breast cancer, there is reason to believe that, trier of facts find relevance to order of Habeas Corpus from what she believe[s] is illegal detention or potential "insider trade", Mandatory relief and Emergency Interim financial assistance of replevin and rescission of orders and law pertained to the plaintiff's case.

Again, Sariol's response to the Foundation's motion to dismiss did not address the deficiencies in her filings identified by the Foundation. The trial court dismissed her case with prejudice.

II.

We review dismissals for failure to state a claim under CR 12(6)(b) de novo. Nissen v. Pierce County, 183 Wn. App. 581, 589, 333 P.3d 557 (2014). We review dismissals for insufficient process under CR 12(b)(4) de novo. Jafar v. Webb, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013).

Under notice pleading standards, a complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for relief.  CR 8(a).  A complaint that does not comply with CR 8(a) may be dismissed for failure to state a claim under CR 12(b)(6).  Becker v. Cmty. Health Sys., Inc., 182 Wn. App. 935, 941, 332 P.3d 1085 (2014).  We construe a complaint liberally so as to do substantial justice.  CR 8(f).  "If a complaint states facts entitling the plaintiff to some relief, it is immaterial by what name the action is called."  In re Estate of Dormaier v. Columbia Basin Anesthesia, P.L.L.C., 177 Wn. App. 828, 853, 313 P.3d 431 (2013).  "But a complaint should adequately alert the defendant of the claim's general nature."  Dormaier, 177 Wn. App. at 853-54.  "A complaint is insufficient if it does not give the defendant 'fair notice of what the claim is and the ground upon which it rests.'"  Dormaier, 177 Wn. App. at 854.

A pro se litigant is bound by the same rules of procedure and substantive law as an attorney.  In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).  If a party fails to support assignments of error with legal arguments, those assignments of error will not be considered on appeal.  Schmidt v. Cornerstone Inv., Inc., 115 Wn.2d 148, 160, 895 P.2d 1143 (1990).  Further, "[i]t is not the responsibility of this court to attempt to discern what it is appellant may have intended to assert that might somehow have merit."  Port Susan Chapel of the Woods v. Port Susan Camping Club, 50 Wn. App. 176, 188, 746 P.2d 816 (1987).

Sariol has assigned error to the trial court's "[d]ismissal of case for failure to state claim with prejudice," "[d]ismissal of exhibits including plaintiff's Emergency Strict reply," and "[d]efendant's District court supplemental source for Judicial Notice request; Tim J.

Filer supplemental for 'motion to dismiss.'" In her briefing, Sariol has not explained how the trial court erred in dismissing her case or the causes of action she believes she has against the Foundation. Without a short and plain statement of her claim that shows she is entitled to relief, the Foundation does not have sufficient notice to respond to those claims and the court's dismissal was proper.

We affirm.[1]

_____
Mann, C.J.

WE CONCUR:

_____          _____

---

[1] Sariol also filed a statement of additional grounds pursuant to RAP 10.10. We decline to address her arguments because statements of additional grounds are only permitted in a criminal case on direct appeal. RAP 10.10.