2015 AUG 24  AM 8: 5_



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KARL PIERCE,<br><br>                   Appellant,<br><br>         v.<br><br>DR. BENJAMIN SANDERS and<br>DR. JENNIFER DOE,<br><br>                   Respondents. | DIVISION ONE<br><br>No. 72542-4-I<br><br>UNPUBLISHED OPINION<br><br><br><br>FILED: August 24, 2015 |

PER CURIAM — Karl Pierce attempted to file this action for damages in King County Superior Court and moved for a waiver of the filing fee. The trial court found Pierce indigent, but refused to waive the filing fee on the grounds that 'the Non-Claim statute [was] not followed." We granted Pierce's motion for discretionary review and now reverse.[1]

In Jafar v. Webb, 177 Wn.2d 520, 532, 303 P.3d 1042 (2013), our Supreme Court held that once the trial court determines that a civil litigant is indigent under GR 34, it must waive all filing fees and surcharges:

> We hold GR 34 provides a uniform standard for determining whether an individual is indigent and further requires the court to waive all fees and costs for individuals who meet this standard. The rule was adopted to ensure that indigent litigants have equal access to justice. Any fees required of indigent litigants are invalid and must be waived under the rule.

See also Sobota v. Mahlik, ___ Wn. App. ___, 348 P.3d 1222 (2015).

---

[1] The King County Prosecutor's Office appeared on behalf of respondent Dr. Benjamin Sanders, but did not file any objections or pleadings.

No. 72542-4-I/2

Here, the trial court found Pierce was indigent under GR 34(a)(3)(B) ( "his or her household income is at or below 125 percent of the federal poverty guideline"). Consequently, the court erred in denying Pierce's request for a filing fee waiver.

We reverse the trial court's order and remand with instructions to grant a waiver only of filing fees and surcharges in accordance with Gr 34 and <u>Jafar</u>.

Reversed and remanded.

FOR THE COURT: