# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JOSEPH KENNEDY, | ) | No. 76625-2-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SKAGIT COUNTY HOSPITAL DISTRICT NO. 1, | ) | |
| | ) | |
| Respondent. | ) | FILED: January 22, 2018 |

TRICKEY, J. — Joseph Kennedy appeals the trial court's denial of his General Rule (GR) 34 motion for a waiver of civil filing fees and surcharges. The trial court denied Kennedy's motion because his case is a civil matter. Because the trial court found that Kennedy is indigent and GR 34 requires waiver of the filing fees or surcharges in a civil case following a finding of indigency, we reverse and remand.

## FACTS

Kennedy sued Skagit County Hospital District No. 1 seeking declaratory relief, injunctive relief, and disclosure of documents under the Public Records Act, chapter 42.56 RCW. Kennedy concurrently filed a motion for waiver of civil fees pursuant to GR 34. The trial court found that Kennedy was indigent by reason of

having "household income at or below 125% of the federal poverty guideline."[1] But the trial court denied Kennedy's motion "because this is a civil matter."[2]

Kennedy appeals.[3]

ANALYSIS

Kennedy argues that the trial court erred when it denied his GR 34 motion for waiver of filing fees and surcharges because he is indigent. We agree.

"Any individual, on the basis of indigent status as defined herein, may seek a waiver of filing fees or surcharges the payment of which is a condition precedent to a litigant's ability to secure access to judicial relief from a judicial officer in the applicable trial court." GR 34(a). "[A] litigant . . . whose household income is at or below 125 percent of the federal poverty guideline is automatically deemed indigent." Jafar v. Webb, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013) (citing GR 34(a)(3)(A), (B)).

GR 34 is a rule of general application, and the text of the rule does not limit its scope to criminal matters. See GR 34. The Washington Supreme Court has held in a civil case that "GR 34 provides a uniform standard for determining whether an individual is indigent and further requires the court to waive all fees and costs for individuals who meet this standard." Jafar, 177 Wn.2d at 523.

A trial court's application of GR 34 is an interpretation of a court rule and is therefore reviewed de novo. Jafar, 177 Wn.2d at 526.

---

[1] Clerk's Papers (CP) at 2.
[2] CP at 3.
[3] Skagit County Hospital District No. 1 did not file a responsive brief or otherwise participate in this appeal.

Here, the trial court determined that Kennedy is indigent because his household income is at or below 125 percent of the federal poverty guideline. Therefore, the trial court was required to grant an order of indigency and waive Kennedy's civil filing fees or surcharges under GR 34. We conclude that the trial court erred when it failed to do so, and reverse and remand for a waiver of Kennedy's filing fees or surcharges consistent with GR 34.

Because we reverse under GR 34, we decline to reach Kennedy's argument that the trial court demonstrated bias against him and violated the appearance of fairness doctrine when it denied his motion.

Reversed and remanded.

Trickey, J

WE CONCUR: