STEPHENS, J. (concurring)
¶ 55 I agree with the majority that respondent Randy Reynolds & Associates (Reynolds)
*165 was not "aggrieved" by the trial court's judgment in its favor and therefore could not appeal from that judgment. See majority at 681-82 (citing RAP 3.1 ). On that ground alone, petitioner Kasey Harmon is entitled to relief from the Court of Appeals' decision imposing fees and other penalties against her. I would vacate the Court of Appeals' decision, thereby granting the primary relief Harmon requested,[1] and end the analysis there. By reaching the merits of the Court of Appeals' decision, the majority goes well beyond what is necessary to decide this case and issues a sweeping affirmation of the superior court's "equitable powers to regulate its own procedures." Id. at 687. Such a broad holding, unsupported by precedent, risks upsetting the statutory scheme at issue and spilling beyond the specific context of "an ex parte stay of a default judgment issuing a writ of restitution." Id. at 686. Because I favor a more modest holding on narrow grounds, I concur only in the result.
ANALYSIS
¶ 56 The majority agrees with the Court of Appeals that CR 5(a) prohibits ex parte hearings except by specific permission. Id. at 686-87. But it holds that because the hearing in this case was "equitable in character," an ex parte order was within the superior court's inherent authority "to regulate its own procedures." Id. at 687. The majority cites two cases in support of this broad principle: City of Spokane v. J-R Distribs., Inc. , 90 Wash.2d 722, 727, 585 P.2d 784 (1978) and Morin v. Burris , 160 Wash.2d 745, 754, 161 P.3d 956 (2007). Majority at 687. Neither bears the weight of the majority's holding.
¶ 57 The first case, J-R Distributors , is simply inapposite. The court there struck *689 down a city ordinance prescribing *166 detailed rules of procedure and evidence for certain superior court actions, many of which conflicted with existing court rules and state statutes. J-R Distribs. , 90 Wash.2d at 724-32, 585 P.2d 784. The opinion recites some general separation of powers principles, including the well-established rule that no legislative body may limit the judiciary's constitutional powers of self-regulation, id. at 727, 585 P.2d 784, but it says nothing at all about an individual court's inherent powers in equity. Rather, it affirms the power of the judicial branch to promulgate uniform court rules enforceable across the state. Id. at 728, 585 P.2d 784.[2]
¶ 58 The second case, Morin , actually undermines the majority's reasoning. Morin addressed three consolidated cases in which civil defendants communicated privately with an opposing party before any action was commenced but, thereafter, failed to file responsive pleadings or otherwise appear in court. 160 Wash.2d at 750-53, 161 P.3d 956. In each case, the superior court issued a default order for the plaintiff, and in each case, the defendant moved to vacate the order on the ground that private, prelitigation communications constitute an "appearance," precluding judgment by default. Id. at 751-54, 161 P.3d 956 (quoting CR 55(a)(1) (motion for default permitted " '[w]hen a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend' " (alteration in original))). In two of the cases, the trial court granted the motion to vacate, and the Court of Appeals affirmed. Id. at 751-53, 161 P.3d 956. In the third case, the trial court denied the motion and the Court of Appeals reversed. Id. at 752, 161 P.3d 956. This court granted review and held that even *167 though default judgments are disfavored and a proceeding to vacate such a judgment is equitable in nature, prelitigation conduct can never constitute an "appearance" sufficient to preclude judgment by default. Id. at 754, 757, 161 P.3d 956. Thus, Morin holds that the superior court does not have authority to vacate a default judgment on the basis of such an "informal" appearance. Id. at 757, 161 P.3d 956. This holding is flatly contrary to the majority's assertion that superior courts have inherent authority to regulate all equitable proceedings on a case-by-case basis. See majority at 687.
¶ 59 The majority attempts to limit its holding to the narrow context of ex parte stays of default judgments issuing writs of restitution. Majority at 686-87. But the reasoning the majority employs is far broader, affirming the superior court's inherent authority (which seemingly supersedes court rules) to regulate all equitable proceedings. Id. at 687. Per the majority's reasoning, that authority is not limited to the specific context of evictions, default judgments, or stays. Nor is it restricted to situations involving the specific implied powers at issue in the cases the majority cites.
¶ 60 Absent any articulated limiting principle in its reasoning, the majority's affirmation of the superior court's inherent authority risks spilling beyond the context of this case and undermining the orderly procedures set forth in well-considered court rules. The risk of the unintended consequences that may follow is not worth taking, given that this case is so readily resolved on the narrow, basic rule that only an "aggrieved" party may appeal from a judgment. As we all agree, Reynolds is not an aggrieved party.
CONCLUSION
¶ 61 The court should not use this case to announce a sweeping new holding about the superior court's inherent powers. The more *690 prudent course of action is to grant Harmon the remedy she initially sought in her petition to *168 this court and to which she is entitled: vacation of the Court of Appeals' decision under RAP 3.1.
Johnson, J.
Fairhurst, C.J.
Madsen, J.

Pet. for Review (arguing only that the Court of Appeals' decision should be vacated; not requesting reversal on the merits); Suppl. Br. of Resp't Kasey Harmon at 17-18 (requesting vacation of the Court of Appeals' decision or, in the alternative, reversal, "[i]f this Court chooses to reach the merits").

Where it addresses the superior court's authority to hear the ex parte motion at issue in this case, the majority cites several cases articulating general separation of powers principles. Majority at 686-87 (citing State v. Werner , 129 Wash.2d 485, 918 P.2d 916 (1996) ; In re Recall of Pearsall-Stipek , 136 Wash.2d 255, 267 n.6, 961 P.2d 343 (1998) ; J-R Distribs., Inc. , 90 Wash.2d 722, 585 P.2d 784 ). But those principles are not at stake here, where the superior court's action implicates a court-made rule (CR 5(a) ) rather than a legislative act. See State v. Otton , 185 Wash.2d 673, 685, 374 P.3d 1108 (2016) (" '[W]hen interpreting court rules we are not concerned about usurping the role of the legislature because we alone are uniquely positioned to declare the correct interpretation of any court-adopted rule.' " (alteration in original) (quoting Jafar v. Webb, 177 Wash.2d 520, 527, 303 P.3d 1042 (2013) )).