IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BSRE POINT WELLS, LP, a Delaware limited partnership, | No. 80377-8-I |
| Appellant, | DIVISION ONE |
| v. | |
| SNOHOMISH COUNTY, | UNPUBLISHED OPINION |
| Respondent, | |
| CITY OF SHORELINE, a Washington municipal corporation, | |
| Respondent-Intervenor. | |

CHUN, J. — BSRE Point Wells, LP applied to build a mixed-use "Urban Center" in Snohomish County. A Hearing Examiner denied BSRE's application, finding substantial conflicts between the application and the county code. The Hearing Examiner ruled that BSRE could not reactivate its application. The Snohomish County Council (County Council) affirmed the Hearing Examiner's rulings on appeal. BSRE then petitioned for review in King County Superior Court under the Land Use Petition Act (LUPA). The superior court determined that BSRE could reactivate its application before the Hearing Examiner and declined to rule on BSRE's other requests for relief. BSRE proceeded to reactivate its application. BSRE appeals the superior court's refusal to rule on the interpretation of two provisions of the county code as well as the Hearing

Citations and pin cites are based on the Westlaw online version of the cited material.

Examiner's and County Council's decisions that BSRE's application conflicted with those provisions. We dismiss the appeal as unripe.

## I. BACKGROUND

In 2009 and 2010, the County Council revised its comprehensive plan for the County, adopted Chapter 30.34A SCC,[1] and rezoned Point Wells, the land at issue, as an Urban Center. In 2011, BSRE applied[2] to develop Point Wells as a mixed-use Urban Center with residential and commercial buildings.

In 2013, the County sent a Review Completion Letter to BSRE, noting numerous conflicts between the application and the county code. Over the next five years, BSRE requested three extensions of the application deadline, which requests the County granted, resulting in a final deadline of June 30, 2018. In April 2017, BSRE resubmitted its application.

In October 2017, the County sent another Review Completion Letter to BSRE saying that, while the applicant had addressed a handful of the conflicts noted in the April 2013 letter, it failed to address most of the problems. The County also said that it would potentially recommend a denial of the application as it stood and that it would grant no more extensions "absent extraordinary circumstances." The County requested that BSRE resubmit its application by January 8, 2018 so that the County would have enough time to review the

---

[1] This chapter of the County Code regulates Urban Center development.

[2] BSRE submitted multiple applications in 2011 but this opinion refers to them as one combined application.

materials for consistency, draft a recommendation for the Hearing Examiner, and schedule a hearing before the application expiration date of June 30, 2018.

BSRE did not resubmit its application materials by January 8. On January 9, the County sent a letter informing BSRE that it was starting the final review process based on the materials it had received. On January 12, BSRE requested a fourth extension, to June 30, 2020, which the County denied. On April 17, the County issued a Staff Recommendation Letter recommending that BSRE's application be denied based on eight substantial conflicts. On April 27, BSRE submitted revised application materials. The County reviewed the materials and issued a supplemental recommendation on May 9 determining that BSRE had resolved three out of the eight issues but still recommending denial.

The Hearing Examiner for the County held an open hearing on BSRE's application, which ran from May 16 to 24, 2018. The Hearing Examiner concluded that it would terminate the application based on the five substantial conflicts with the county code.

BSRE moved for reconsideration and for clarification about whether the Hearing Examiner's decision was granted with prejudice. A repealed county code provision in effect at the time of BSRE's first application, former SCC 30.34A.180(2)(f) (2007), stated:

> The hearing examiner may deny an urban center development application without prejudice pursuant to SCC 30.72.060. *If denied without prejudice, the application may be reactivated* under the original project number and without additional filing fees or loss of project vesting if a revised application is submitted within six months of the hearing examiner's decision. In all other cases a new application shall be required.

(Emphasis added.)  The Hearing Examiner decided that this provision was not part of BSRE's vested rights and that it lacked the authority to allow BSRE to reactivate its application under the repealed provision.[3]  The Hearing Examiner reaffirmed its decision on termination and clarified that the decision was without prejudice.

BSRE appealed to the County Council.  Following a closed hearing, the County Council affirmed the Hearing Examiner's decision.

BSRE then appealed to King County Superior Court under LUPA, seeking reversal of the denial of BSRE's application, an extension of the deadline, a finding that its development rights vested to the code provision allowing for reactivation of its application, and a reversal of all related findings of fact and conclusions of law.  See chapter 36.70C RCW.

In June 2019, the superior court reversed the Hearing Examiner's conclusion that BSRE did not have a vested right to the reactivation provision of the code.  The superior court determined that BSRE could reactivate its application by submitting revised materials within six months of the court's decision.  The superior court declined to address the remaining issues, concluding that doing so was unnecessary given its ruling.

BSRE appealed and moved for a stay of enforcement of the superior court's ruling, seeking to delay the start of the six-month reactivation period.  A

---

[3] In Town of Woodway v. Snohomish County, our Supreme Court held that BSRE's development rights had vested to the county code as it existed the day the company submitted a complete application.  180 Wn.2d 165, 175, 322 P.3d 1219 (2014), abrogated by Yim v. City of Seattle, 194 Wn.2d 682, 451 P.3d 694 (2019).

commissioner of this court denied the motion. BSRE revised its application materials and submitted them within the six-month period.

## II. ANALYSIS

The County says that because the superior court allowed BSRE to reactivate its application, the case is not ripe for review. It thus asserts that BSRE will either fully comply with the code, making this appeal moot, or BSRE will not comply, leading to a new decision terminating the application, and that termination decision would be a basis for appeal. Intervenor, the City of Shoreline (Shoreline), adds that the appeal is not ripe because the superior court did not rule on the conflicts issues, and thus there is nothing for us to review.[4] BSRE does not explicitly argue that its claim is ripe but says we can reach the merits because it satisfied the exhaustion requirements of LUPA and there is a final judgment for us to address. We conclude that this case is not ripe.

A claim is ripe for review "if the issues raised are primarily legal, do not require further factual development, and the challenged action is final." State v. Cates, 183 Wn.2d 531, 534, 354 P.3d 832 (2015) (quoting State v. Sanchez Valencia, 169 Wn.2d 782, 786, 239 P.3d 1059 (2010)). In assessing ripeness, courts also consider the hardship incurred by the appellant if the court refuses to review the claim. Id.

---

[4] Shoreline also says that review is improper because BSRE was not "aggrieved" by the superior court's ruling granting reactivation. See Reynolds & Assoc. v. Harmon, 193 Wn.2d 143, 150–51, 437 P.3d 677 (2019) ("[f]or a party to be aggrieved, the decision must adversely affect that party's property or pecuniary rights"). But BSRE does not challenge that portion of the trial court's ruling. It challenges the trial court's refusal to decide the conflicts issue, which arguably does impact BSRE's property and pecuniary rights. We thus disagree with this argument by Shoreline.

BSRE's appeal is not ripe for review because the challenged decision is not final and BSRE will not suffer a recognized hardship if this court denies review. Granted, the issues raised are mainly legal: BSRE claims that the Hearing Examiner and County Council interpreted two provisions of the county code incorrectly. Also, because the issue involves statutory interpretation, and because BSRE confirmed that its reactivated application is essentially the same as its previous one, we presume no further factual development is needed at this point.

But the challenged administrative decision is not final. BSRE has reactivated its application before the Hearing Examiner. And we are unaware of any outcome of that application.

BSRE also challenges the superior court's decision, but as noted by Shoreline, the court's decision is not final. BSRE requested a number of remedies, including a reversal of the conflicts decision and an order granting reactivation. The superior court ruled only on the reactivation issue. It declined to address the conflicts issues as well as others. The superior court's order is therefore not a final decision. BSRE contends that the superior court's refusal to rule on the conflicts issues was effectively a ratification of the County Council and Hearing Examiner's decisions, rendering the issue reviewable. But BSRE cites no law to support this ratification theory, and the superior court noted the possibility that the conflicts issue would come before it in the future depending on the outcome of the reactivated application.

Finally, because BSRE could reactivate its appeal, and did so, our refusal to hear this case does not impose a hardship. If BSRE disagrees with the outcome of its reactivated application, it can appeal. And if the reviewing body agrees with BSRE, it can remand the issue for a decision consistent with its holding. See RCW 30.70C.140 (LUPA empowers a court to remand a land use decision "for modification or further proceedings"); SCC 30.72.120 (the county code allows the County Council to remand a matter on appeal "to the hearing examiner in accordance with the council's findings and conclusions"). BSRE says it would be "inequitable" to deny it the opportunity to cure its application before a ruling on the merits but it has not explained why it is owed such an opportunity. Dismissal here does not preclude BSRE from seeking a favorable judgment in the future. Cf. Jafar v. Webb, 177 Wn.2d 520, 525, 303 P.3d 1042 (2013) (finding hardship when the appellant risked dismissal before the trial court if the supreme court did not address the appellant's challenge to a fee order).

Relatedly, the County indicates that exhaustion of administrative remedies is a part of the ripeness inquiry. For this proposition, it cites Thun v. City of Bonney Lake, 164 Wn. App. 755, 762, 763, 265 P.3d 207 (2011) ("In Washington, ripeness is often called 'exhaustion of administrative remedies,' but this doctrine incorporates the 'final decision' requirement."). While ripeness and exhaustion are related, they are separate doctrines. See Estate of Friedman v. Pierce County, 112 Wn.2d 68, 76, 768 P.2d 462 (1989) ("We have implicitly recognized that exhaustion and ripeness are related concepts in the land use

7

area."). As the County contends, BSRE has failed to exhaust its administrative remedies.

The exhaustion doctrine prevents courts from "entangling themselves in abstract disagreements over administrative policies" and thus requires that an administrative agency has a chance to render a final decision before the court can weigh in. Thun, 164 Wn. App. at 761–62 (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148–49, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967), overruled on other grounds by Califano v. Sanders, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977)). An appellant need not exhaust administrative remedies if doing so would be futile. Id. at 763. But establishing futility is a "substantial burden" because "strong public policies" favor the exhaustion doctrine. Presbytery of Seattle v. King County, 114 Wn.2d 320, 338, 787 P.2d 907 (1990). Futility is "rare" and cannot be speculative. Buechler v. Wenatchee Valley Coll., 174 Wn. App. 141, 154, 298 P.3d 110 (2013).

BSRE contends that it exhausted its administrative remedies by appealing the Hearing Examiner's decision to the County Council; it says the resultant decision is final and reviewable. But BSRE has not exhausted its administrative remedies as it has reactivated its application. Again, we are unaware of any outcome of that application. BSRE says that waiting for a decision on the reactivated application is futile because it changed little in its application. But this argument is speculative; there is still a possibility that the Hearing Examiner's decision will differ from its last. BSRE has not met the substantial burden of

8

establishing futility.  We choose to avoid "entangling" ourselves in an administrative agency matter before the Hearing Examiner has reached a determination on the new application.

We dismiss this appeal.

_Chun, J._

WE CONCUR:

_Verellen, J_          _Appelwick, J._