# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHRIS and KATRINA JONES dba DREAM TEAM CONSTRUCTION, a sole proprietorship (UBI 603224356), | No. 52031-1-II |
| Appellants, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | PUBLISHED OPINION |
| Respondent. | |

VELJACIC, J. — Chris and Katrina Jones challenge the superior court's dismissal of their appeal of an industrial insurance assessment from the Department of Labor and Industries. The superior court dismissed the Joneses' appeal because they had not prepaid the assessment amount and did not show undue hardship under RCW 51.52.112. The Joneses argue that the superior court applied the incorrect standard in assessing their claim of undue hardship. We conclude the superior court applied an incorrect standard insofar as it determined that a showing of indigency under GR 34 was insufficient to show undue hardship for the Joneses' sole proprietorship under the statute. Because the superior court used the wrong legal standard, we reverse the trial court's order dismissing the appeal, and remand for a determination of undue hardship consistent with this opinion.

FACTS

Chris Jones was the owner of Dream Team Construction, a sole proprietorship. Katrina Jones, Chris's wife,[1] also worked for Dream Team.

In 2014, the Department performed an audit to determine if the Joneses had paid the correct amount of industrial insurance premiums. The Joneses failed to produce sufficient records of the hours worked by Dream Team's employees, so the Department used invoices billed to Dream Team's clients to estimate the hours worked to calculate the assessment amount. The Department assessed Dream Team $106,843.51 in premiums and penalties.

The Joneses appealed the assessment to the Board of Industrial Insurance Appeals (the Board). The Board affirmed the assessment, finding that the estimate was reasonable based on the evidence presented and the Joneses' failure to provide an alternative estimate.

The Joneses appealed the Board's decision to the superior court. RCW 51.52.112 requires an employer, prior to obtaining review of a board decision from superior court, to prepay the assessed taxes or obtain a finding of undue hardship from the court. The Joneses paid $21,742.87 of the assessed amount but made no further payments. The Joneses requested a waiver of the prepayment requirement due to undue hardship, asserting that they did not have the funds to pay the entire assessment. They also asserted that Dream Team was no longer operating or earning income because the Department had suspended Chris's contractor's license.[2]

---

[1] Because the parties have the same last name, we use their first names to minimize confusion. No disrespect is intended.

[2] An individual must be registered as a contractor with the Department in order to perform contracting work. RCW 18.27.020. The Department can suspend a contractor's registration for various reasons. RCW 18.27.030(3)(b), (c),.050(2), .060.

The Department moved to dismiss the appeal because the Joneses had not prepaid the full amount of the assessment and failed to support their request for a finding of undue hardship with any evidence. The Joneses opposed the motion and submitted declarations contending that Dream Team would suffer undue hardship if required to prepay the assessment. Chris asserted that he was not working, and that Katrina was working but earning, "on average, less than $1,000 per month." Clerk's Papers (CP) at 68. Chris also asserted that his family was experiencing severe financial hardship, that Katrina's income was insufficient to pay basic living expenses or their home's mortgage, and that Dream Team owned no assets of value that he could sell to pay the assessment.

The Joneses' declarations also asserted the following: the family home was in foreclosure; the motorhome that the Joneses lived in while on a work site, and that they would live in if they lost their home, belonged to Chris's mother; the smaller construction tools owned by Dream Team were old and had no significant value; the forklift and crane truck used by Dream Team were old and broken; the crane truck was owned by Chris's brother; and the Joneses' adult sons, who lived with them, were paying for the family's basic necessities like food and utilities.

The Joneses submitted the following evidence in support of their assertions: a screen capture of the Department's website showing that Chris no longer held a contractor's license, letters from Wells Fargo Bank indicating that Chris's personal bank account was closed due to a prolonged overdrawn status, the business's bank account statement showing a balance of under $40, a notice of foreclosure and trustee sale of the Joneses' home, a credit report showing in part that the Internal Revenue Service (IRS) had filed a federal tax lien against the Joneses, notices from the IRS of the balance due, titles for construction equipment used by Dream Team showing that it did not own the equipment, and a paystub and bank statements belonging to Katrina.

At a hearing on the motion to dismiss, the superior court commented that both the Department and the Joneses had cited to outdated caselaw about proceeding in forma pauperis in a civil case.[3] It explained that for individuals, courts now looked to GR 34 when determining indigency for waiving filing fees in a civil case.[4] The court then discussed how it believed the standard in RCW 51.52.112 might be different than the standard in GR 34 and noted that RCW 51.12.112 focuses on undue hardship of "employers." Report of Proceedings (RP) at 9. The court reasoned that when analyzing whether an employer is experiencing undue hardship, a court should consider hardship factors beyond those of the individual owners.

Consistent with this reasoning, the court then considered not just whether the Joneses themselves would face undue hardship, but also whether their employees, customers, or other third parties would face undue hardship. It ruled that the Joneses "failed to meet [their] burden of proof that paying the assessment in full before proceeding with [the] appeal would place an undue hardship on the firm such that the payment required by RCW 51.52.112 should be waived." CP at 124. The court further ruled that it would dismiss the appeal with prejudice unless the Joneses

---

[3] In *Jafar v. Webb*, 177 Wn.2d 520, 303 P.3d 1042 (2013), our Supreme Court held that GR 34 is the applicable standard for the waiver of fees in civil cases.

[4] GR 34(a) provides, in part, "Any individual, on the basis of indigent status as defined herein, may seek a waiver of filing fees or surcharges the payment of which is a condition precedent to a litigant's ability to secure access to judicial relief from a judicial officer in the applicable trial court." An individual may be found indigent under the rule in three ways. First, a litigant who receives need-based, means-tested assistance (such as Temporary Assistance for Needy Families or Food Stamp Program), or whose household income is at or below 125 percent of the federal poverty guideline is automatically deemed indigent. GR 34(a)(3)(A), (B). Second, a litigant whose household income is above 125 percent of the federal poverty guideline may still be deemed indigent if the trial court finds that recurring basic living expenses or "other compelling circumstances" render that person unable to pay the mandatory fees and charges. GR 34(a)(3)(C), (D). Finally, a litigant represented by a "qualified legal services provider" (QLSP) is granted a presumption of indigency if counsel states that the individual was screened and found eligible for the QLSP's services. GR 34(a)(4).

paid the remaining balance of the assessment. The Joneses did not pay the remaining amount owed, and the superior court dismissed the appeal with prejudice. The Joneses appeal.

ANALYSIS

I.    STATUTORY CONTEXT

The Industrial Insurance Act, title 51 RCW, is meant to provide workers and employees who suffer workplace injuries with timely and adequate relief. RCW 51.04.010. To this end, the Act requires an employer subject to the Act either to pay into a state fund insurance scheme or to qualify as a self-insurer. RCW 51.14.010. If an employer insures its employees with the state fund, the Act requires the employer to pay premiums, which are defined as a tax. RCW 51.16.035; RCW 51.08.015. The industrial insurance premiums paid by employers fund the program that provides benefits to injured workers. *State v. Clausen*, 65 Wash. 156, 203, 117 P. 1101 (1911).

If an employer insured by the State fails or refuses to pay premiums (taxes), the Department has authority to collect them, along with penalties and interest. RCW 51.48.210; RCW 51.16.155. The Department provides the employer with a notice of assessment that certifies the total amount due. RCW 51.48.120. An employer may appeal this assessment to the Board, and, once administrative remedies are exhausted, the employer may appeal to the superior court. RCW 51.48.131; RCW 51.52.104, .106, .110. However, in order to obtain review of the notice of assessment in superior court, the employer must first satisfy RCW 51.52.112, which states in relevant part:

> All taxes, penalties, and interest *shall be paid in full* before any action may be instituted in any court to contest all or any part of such taxes, penalties, or interest *unless the court determines that there would be an undue hardship to the employer*.

(Emphasis added.)

II.     STANDARD OF REVIEW

We review a superior court's decision to waive court costs for indigent parties for abuse of discretion. *O'Connor v. Matzdorf*, 76 Wn.2d 589, 600, 458 P.2d 154 (1969).  We will reverse a superior court's decision under this standard if the decision applies the wrong legal standard, relies on unsupported facts, or adopts a view that no reasonable person would take. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

III.    THE MEANING OF UNDUE HARDSHIP

The Joneses argue that the superior court erred by determining that the undue hardship standard under RCW 51.52.112 requires a showing of hardship to third parties, rather than the employers who are responsible for prepaying the tax assessment.  They contend that the superior court erred when it interpreted undue hardship to mean something different than the individual standard of indigency defined in GR 34.  They assert that where a business is a sole proprietorship, a showing that the owners have become indigent under GR 34 is sufficient for a showing of undue hardship under the statute.

The Department argues that the Joneses misinterpret the superior court's statements.  It contends that the court did not reject the GR 34 standard entirely, but instead looked at indigency under GR 34 as well as possible hardship to third parties.  The Department asserts that the court properly considered both GR 34 and considerations specific to the Joneses' status as employers, like hardship to employees or customers.  We agree with the Joneses.

A.      Plain Meaning Analysis

As a preliminary matter, neither party suggests a definition of undue hardship.  The Department argues the superior court used the correct standard, and the Joneses argue that whatever undue hardship is, it at least includes individual indigency for a sole proprietorship.

Likewise, the Act does not define undue hardship, and there are no published cases addressing the standard. Other regulations and statutes, like the Washington Law Against Discrimination, also use an undue hardship standard. But because those regulations and statutes are unrelated and address different subjects, they are not helpful to discern the meaning here.[5] Therefore, as the superior court did, we must determine its meaning through statutory interpretation.

Statutory interpretation is a question of law we review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The goal of statutory interpretation is to ascertain and carry out the legislature's intent. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). First, we attempt to derive legislative intent from the language of the statute itself. *Am. Cont'l Ins. Co. v. Steen*, 151 Wn.2d 512, 518, 91 P.3d 864 (2004). When a statute does not define a term, we may rely on the ordinary meaning of the word as it is defined in a dictionary. *Id*. We also generally derive plain meaning from the "context of the entire act" as well as other related statutes. *Jametsky*, 179 Wn.2d at 762.

If the statute remains ambiguous after a plain meaning analysis, we will look to other sources of interpretation, such as legislative history. *Campbell & Gwinn, L.L.C.*, 146 Wn.2d at 12. We avoid reading a statute in a way that produces absurd results. *Tingey v. Haisch*, 159 Wn.2d 652, 663-64, 152 P.3d 1020 (2007).

Webster's Third New International Dictionary does not define the phrase "undue hardship." The word "undue" is defined as "unsuited to the time, place, or occasion" or "exceeding or violating propriety or fitness" with synonyms for the latter definition given as "excessive,

---

[5] A court may derive construction of a statutory phrase from an interpretation given to that phrase in other statutes if those other statutes are in pari materia–on the same subject or relating to the same matter–with the statute construed. *Puget Sound Med. Supply v. Dep't of Soc. & Health Servs.*, 156 Wn. App. 364, 371, 234 P.3d 246 (2010).

immoderate, unwarranted." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2492 (3d ed. 1993). It defines "hardship" as "something that causes or entails suffering or privation." *Id*. at 1033.

Similarly, Black's Law Dictionary does not define the phrase "undue hardship," but it defines "undue" as "[m]ore than necessary; not proper; illegal" and "hardship" as "[p]rivation; suffering or adversity." BLACK'S LAW DICTIONARY 1838, 861 (11th ed. 2019). Based on these definitions, a petitioner may qualify for a waiver by showing that the requirement to prepay the assessment would cause suffering, adversity or loss that was unwarranted or more than necessary.

Given the context of RCW 51.12.112, the use of "undue" indicates we must consider the State's interest in receiving premium payments so that funds are available for the immediate relief for injured workers. *See Booker Auction Co. v. Dep't of Revenue*, 158 Wn. App. 84, 89, 241 P.3d 439 (2010) ("'[T]he disruption of the state's prompt and orderly collection of taxes . . . could have catastrophic effects on [the state's] economy'") (quoting *Ziegler v. Dep't of Revenue,* 797 N.E.2d 881, 889 (Ind. T.C. 2003)). Hardship alone is insufficient; the hardship must also be undue. At the same time, however, in light of GR 34, we must balance the State's needs against the interest in facilitating the equal administration of justice regardless of income.

The Washington Supreme Court has recognized that "'[t]he administration of justice demands that the doors of the judicial system be open to the indigent as well as to those who can afford to pay the costs of pursuing judicial relief' and that 'financial inability to pay the costs of pursuing a legal remedy will not operate to bar one from this state's system of justice.'" *Jafar v. Webb*, 177 Wn.2d 520, 531, 303 P.3d 1042 (2013) (quoting *Iverson v. Marine Bancorporation*, 83 Wn.2d 163, 167, 517 P.2d 197 (1973)). Outside of the civil realm, the Supreme Court has directed superior courts to "use GR 34 as a guide for determining whether someone has an ability to pay

costs." *City of Richland v. Wakefield*, 186 Wn.2d 596, 606, 380 P.3d 459 (2016); *see also State v. Blazina*, 182 Wn.2d 827, 839, 344 P.3d 680 (2015) ("If someone does meet the GR 34 standard for indigency, courts should seriously question that person's ability to pay" legal financial obligations.). The principles of access to justice and equal administration of justice apply here.

B.      Undue Hardship as Applied to the Joneses

The superior court ruled that, in contrast to GR 34 which applies to the individual litigants, the undue hardship standard of RCW 51.52.112 applies to the employers; therefore, the undue hardship standard for the employers must mean something in addition to indigency for an individual. And the court concluded that because the statute applies to employers, the inquiry necessitates a showing of hardship to others involved in an employer's business.

Requiring a showing of hardship to the employer in their role as an employer is consistent with the language of the act and its context. *See Jametsky*, 179 Wn.2d at 762. However, where the employer is a sole proprietorship, additional considerations beyond GR 34 are not relevant to the analysis.

In a sole proprietorship, there is no delineation between the individual and the business. *Bankston v. Pierce County*, 174 Wn. App. 932, 937, 301 P.3d 495 (2013). If an owner of a sole proprietorship meets the standards of GR 34, they are indigent; the business would be too.

The superior court correctly determined that the relevant inquiry is whether an employer, in the role of employer is experiencing undue hardship. However, when that employer is a sole proprietorship, the court should apply the indigency standards of GR 34. Thus, the superior court abused its discretion because it used the incorrect legal standard.

II.      ATTORNEY FEES

The Joneses request an award of their reasonable attorney fees under RCW 4.84.350(1).

9

Under RAP 18.1 we may award reasonable attorney fees to the prevailing party on appeal if allowed under applicable law. RCW 4.84.350(1) requires a court to "award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust." RCW 4.84.350(1). "'Substantially justified means justified to a degree that would satisfy a reasonable person.'" *Raven v. Dep't of Soc. & Health Servs.*, 177 Wn.2d 804, 832, 306 P.3d 920 (2013) (internal quotation marks omitted) (quoting *Silverstreak, Inc. v. Dep't of Labor & Indus.*, 159 Wn.2d 868, 892, 154 P.3d 891 (2007)). We decline to award attorney fees because the Department's assessment of unpaid insurance premiums was substantially justified.

## CONCLUSION

We reverse the trial court's order dismissing the appeal, and remand for a determination of undue hardship consistent with this opinion.

_____
Veljacic, J.

We concur:

_____
Worswick, J.

_____
Lee, C.J.