**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Estate of MARK LESTER BESOLA, <br><br> Deceased. | No. 56205-7-II |
| AMELIA BESOLA, <br><br> Petitioner, <br><br> v. <br><br> ERIC PULA, individually and as personal representative of the Estate of Mark Lester Besola; UC DAVIS VETERINARY CATASTROPHIC NEED FUND, <br><br> Respondents, <br><br> KELLY McGRAW, individually; JULIA BESOLA-ROBINSON, individually; KARE KITSAP ANIMAL RESCUE AND EDUCATION; BRANDON GUNWALL; JOHN DOES 1-20; and FIDELITY BROKERAGE SERVICES, LLC, an interested party, <br><br> Respondents below. | UNPUBLISHED OPINION |

CRUSER, J.—Amelia Besola appeals the trial court order denying her motion to unseal

certain records in her will contest claim that she brought in her brother Mark Lester Besola's estate

case and the order denying her motion for reconsideration.[1] She argues that the trial court erred

when it (1) entered an August 13, 2021 order sealing certain records without making the required

---

[1] None of the respondents filed a response in this matter.

findings, (2) denied her motion to unseal these records despite being presented with a stipulation that was signed by counsel for all parties, (3) denied her motion to unseal these records once the trial court disclosed the protected facts in findings of fact and conclusions of law filed well after the trial court denied the motion to unseal and motion for reconsideration, and (4) denied the motion to unseal because unsealing these records was consistent with the constitutional principle of open justice. Because Besola does not establish that the trial court erred, we affirm.

FACTS[2]

Before Mark's[3] death, Brandon Gunwall, Eric Pula, and Kelly McGraw had been living on Mark's property at Lake Tapps. Mark, who "had significant health problems," died unexpectedly on January 1, 2019. Clerk's Papers (CP) at 187. For several months following Mark's death Pula, Gunwall, McGraw, and others continued to occupy Mark's property.

Two days after Mark's death, Besola was appointed as the personal representative of Mark's estate. In late April, Besola evicted Gunwall, Pula, McGraw, and others from Mark's property.

On May 8, 2019, Pula filed in the superior court a will that Mark had purportedly signed in December 2018. This will was purportedly witnessed by two individuals, one of whom was Robyn Peterson. "On September 16, 2019, Brandon Gunwall, as the beneficiary of [Mark's] dogs, petitioned for the December 2018 Will to be admitted to probate." CP at 191. The will was

---

[2] Some of these facts are drawn from the trial court's unchallenged findings of fact, which are verities on appeal. *In re Est. of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004).

[3] Because Mark and Amelia Besola share the same last name, we refer to Mark by his first name to avoid confusion.

admitted to probate on September 26, 2019. Pula replaced Besola as the personal representative of the estate.

Besola filed a petition opposing the probate of the December 2018 will on multiple grounds, including fraud. Pula and counsel for the estate filed counterclaims against Besola.[4]

At some point during the discovery process in the will contest, it was discovered that the December 2018 will had been produced using an online site, FormSwift.com.[5] The trial court issued a subpoena for the FormSwift records potentially related to the purported December 2018 will.

According to the trial court's later findings of fact, FormSwift produced records that included a draft will for Mark and a draft living will for Mark created on April 19, 2019, on a FormSwift account that was in Peterson's name. The records also showed that these items were paid with Peterson's credit card.

On May 28 and July 16, 2021, the trial court entered protective orders covering the records produced by FormSwift. According to Besola, the protective orders required that "'[u]nless otherwise agreed in writing by the parties and Robyn Peterson, or unless otherwise ordered by the Court, access, copying, and/or dissemination of'" this information was limited. CP at 104 (alteration in original).

---

[4] On December 4, 2020, the trial court removed Pula as personal representative after finding reason to believe that revocation was appropriate under RCW 11.28.250. The trial court appointed Michael B. Smith as the new personal representative.

[5] FormSwift "is a legal forms website on which customers can purchase customized estate planning materials, including Last Wills and Testaments." CP at 190.

On August 13, 2021, the trial court issued an order sealing the FormSwift records. The trial court found "that sealing is justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the court record." CP at 109. The order further stated that the sealed records could not be opened unless allowed by court order.

Four days later, Stuart Morgan, Besola's counsel in her capacity as the discharged administrator of Mark's estate, e-mailed trial court staff a proposed stipulation and order to unseal the records sealed by the August 13, 2021 order. In his e-mail, he stated that "[a]ll representatives of parties have signed except for [Daniel Walk, counsel for Gunwall,] who declines to sign but I believe also does not object to entry of the proposed stipulation and order." CP at 164. Morgan asked that the court advise him if it "would prefer that [he] present this in some different format or manner." *Id.*

On August 20, 2021, at the trial court's behest, Besola filed a motion to unseal the records sealed by the August 13, 2021 order under GR 15(e)(3). Besola asserted that "[a]ll counsel of record since August 13 have agreed to stipulate or agree that the FormSwift [records] be unsealed." CP at 111. Morgan's supporting declaration stated that he had prepared the stipulation and agreed order and submitted it to the court. But he noted that this stipulation was not signed by Walk, counsel for Gunwall, "who believes his signature is not required." CP at 116.

The trial court heard this motion on September 3, 2021. During this hearing, the court asked Morgan why he needed access to the sealed records. Morgan responded that he needed to see the records so he could prepare his defense to the counterclaims against Besola. Morgan suggested that the records could be relevant to the issue of whether the December 2018 will was fraudulent and that they would "bear directly on [his] defense of the counterclaims in the case." Verbatim

Report of Proceedings at 6. But Morgan could not explain exactly how the records related to the defense of the counterclaims beyond the fraud determination because he had never had access to the records.

Tyler Shillito, the attorney representing Besola on the will contest, stated that he also needed to have the records unsealed to pursue his case-in-chief and that these records were the most crucial records in the case. Shillito also commented that it was impossible to file a substantive motion about the contents of the records while they remained sealed.

Reminding the trial court that the original reason for the protective order was "to protect Ms. Peterson," Shillito argued that there was no indication that the sealed records contained information that was "secret or special" with regard to Peterson, such as any personal identification. *Id.* at 7. The trial court acknowledged that if it unsealed the records there would no longer be a protective order and that the purpose of the protective order was "to protect Ms. Peterson." *Id.* But the trial court stated that the records could contain evidence that Peterson had committed a crime.

When Morgan again suggested that he should be able to see the records to defend against the counterclaims, the trial court stated that counsel had no need to see the records because if Besola's other counsel succeeded in showing that the December 2018 will was fraudulent, Besola would win her counterclaims. And if the will was not fraudulent, then Besola had "lost that issue" and could not relitigate it. *Id.* at 12. The trial court also stated that "whatever that document is has got nothing to do with whether or not [Besola] breached any fiduciary duties or otherwise damaged the estate during the time when she acted as personal representative." *Id.* at 13.

On September 3, 2021 the trial court denied Besola's motion to unseal the records sealed under the August 13, 2021 order. On September 20, 2021, the trial court denied Besola's motion for reconsideration of that order. And on September 21, 2021, Besola filed a motion for discretionary review of the August 13, 2021 order and the denial of the motion for reconsideration with this court.

Besola's will contest claim was then adjudicated at a bench trial. On November 17, 2021, the trial court issued written findings of fact and conclusions of law, concluding that the December 2018 will was fraudulent.

On December 7, 2021, a commissioner of this court granted Besola's motion for discretionary review.

## ANALYSIS

### I. AUGUST 13, 2021 SEALING ORDER

Besola first argues that the trial court erred when it failed "to identify any privacy or security concerns that were addressed or protected by sealing the Formswift Will Documents prior to entering the August 13, 2021 Order to Seal." Appellant's Opening Br. at 5, 12-13. But Besola did not move for discretionary review of the August 13, 2021 order.

The Rules of Appellate Procedure require that the notice for discretionary review "designate the decision or part of decision which the party wants reviewed." RAP 5.3(a)(3), (b). Because the August 13, 2021 order was not designated in the motion for discretionary review, we decline to address this issue.

II. DENIAL OF STIPULATED MOTION TO UNSEAL

Besola next argues that the trial court erred when it denied her motion to unseal the

FormSwift records despite being presented with a stipulation agreeing to unseal the records that

was signed by counsel for all parties. Besola fails to show that the trial court abused its discretion

or applied an improper legal rule.[6]

A.      LEGAL PRINCIPLES

In the August 20, 2021 motion, Besola sought to unseal the FormSwift records under GR

15(e)(3), which provides:

> A sealed court record in a civil case *shall be ordered unsealed only upon stipulation*
> *of all parties* or upon motion and written notice to all parties and proof that
> identified compelling circumstances for continued sealing no longer exist, or
> pursuant to RCW 4.24, or CR 26(j).

(Emphasis added.)[7]

> The legal standard for sealing or unsealing court records is a question of law
> which we review de novo. *Dreiling v. Jain*, 151 Wn.2d 900, 908, 93 P.3d 861
> (2004). We review a trial court's decision to seal or unseal records for abuse of
> discretion, but if that decision is based on an improper legal rule, we remand to the
> trial court to apply the correct rule. *Id*. at 907.
>
> In determining whether court records may be sealed from public disclosure,
> we start with the presumption of openness. *Id*. Our state constitution mandates that
> "'[j]ustice in all cases shall be administered openly, and without unnecessary
> delay.'" CONST. art. I, § 10. But while we presume court records will be made
> open and available for public inspection, court records may be sealed "'to protect
> other significant and fundamental rights.'" *Dreiling*, 151 Wn.2d at 909.

---

[6] On October 1, 2021, the trial court issued an order modifying the earlier protective orders, and
on November 2, 2021, the trial court issued an order sealing what appears to be the same materials
now at issue. Besola does not address the effects of these later orders.

[7] We note that Besola's August 20, 2021 motion relied entirely on the stipulation portion of GR
15(e)(3).

*Rufer v. Abbott Labr'ys*, 154 Wn.2d 530, 540, 114 P.3d 1182 (2005) (alteration in original).

B.    ADEQUACY OF STIPULATION

Even assuming the trial court was required to grant the motion to unseal if all parties stipulated to unsealing the record,[8] Besola fails to establish on this record that all parties stipulated to the unsealing of the FormSwift records.

The stipulation that Morgan submitted to the trial court was not signed by Gunwall or Gunwall's counsel. The only parts of the record that address whether Gunwall was a party in this case at the time of the stipulation are (1) Morgan's representation in his declaration supporting his August 20, 2021 motion that Gunwall's counsel did not believe Gunwall was required to sign the stipulation, and (2) a copy of an e-mail from Morgan to court staff attached to the motion for reconsideration in which Morgan stated that Gunwall's counsel declined to sign the proposed stipulation, but Morgan "believe[ed]" Gunwall's counsel also did not object to the entry of the stipulation and order. CP at 164. The statements by Morgan that Gunwall's counsel may have believed Gunwall was not a party at the time of the stipulation do not establish that Gunwall was not a party when the motion to unseal the records was filed. And there is nothing in the record before us from which we can discern whether Gunwall was a party at the relevant time.

Accordingly, because the record does not show that the stipulation was signed by all parties, Besola does not establish that she met the GR 15(e)(3) requirements. And the trial court

---

[8] We address this issue below.

did not abuse its discretion when it denied Besola's motion to unseal and the motion for reconsideration.[9]

C.      GR 15(e)(3)

Furthermore, we disagree with Besola's presumption that GR 15(e)(3) requires the trial court to automatically grant the motion to unseal a record if all parties stipulate.

> Resolution of this [issue] requires interpretation of a court rule, which is subject to de novo review. *State v. Osman*, 168 Wn.2d 632, 637, 229 P.3d 729 (2010). We interpret court rules using the rules of statutory construction. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001). Rules are construed so as to effectuate the drafters' intent, avoiding readings that result in absurd or strained consequences. *See Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996).

*State v. McEnroe*, 174 Wn.2d 795, 800, 279 P.3d 861 (2012).

"If the rule's meaning is plain on its face, we must give effect to that meaning as an expression of the drafter's intent." *Jafar v. Webb*, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013). When a court rule is ambiguous, "we must discern the drafter's intent by 'reading the rule as a whole, harmonizing its provisions, and using related rules to help identify'" the intended meaning. *Id.* at 526-27 (quoting *State v. Chhom*, 162 Wn.2d 451, 458, 173 P.3d 234 (2007)).

GR 15(e) is entitled, "Grounds and Procedures for Requesting the Unsealing of Sealed Records" (boldface omitted). And, as noted above, GR 15(e)(3) states:

> A sealed court record in a civil case *shall be ordered unsealed only upon* stipulation of all parties or upon motion and written notice to all parties and proof that identified compelling circumstances for continued sealing no longer exist, or pursuant to RCW 4.24, or CR 26(j).

---

[9] Although the trial court did not deny the motion on this ground, "we may affirm on any ground supported by the record." *Hoover v. Warner*, 189 Wn. App. 509, 526, 358 P.3d 1174 (2015).

(Emphasis added.) The plain language of this rule does not support Besola's assertion.

GR 15(e)'s caption does not state that it is intended to establish when the trial court must unseal a sealed record—it states that it is establishing the grounds and procedures for requesting unsealing. And the rule itself merely describes the limited circumstances that must exist before the trial court can unseal a record. Thus, GR 15(e) states the mandatory *prerequisites* for unsealing; it is not a directive to the trial court that it must grant the motion to unseal and it does not require the trial court to blindly accept a stipulation.

Additionally, Besola cites no authority establishing that GR 15(e)(3) requires the trial court to grant a motion to unseal based solely on a stipulation when the trial court sealed the record to protect a nonparty, Peterson, who was not a party to the stipulation. And when a party does not cite any authority to support an argument, we assume there is none. *Kanam v. Kmet*, 21 Wn. App. 2d 902, 911, 508 93 1071 (2022).

Accordingly, Besola does not show that the trial court applied an improper legal rule or abused its discretion when it denied the motion to unseal the FormSwift records based solely on the parties' stipulation or when it denied the motion for reconsideration.

D.     CONFIDENTIAL INFORMATION

We also disagree with Besola's apparent contention that the trial court erred in denying the motion to unseal because the records in question "contained no information related to Ms. Peterson." Appellant's Opening Br. at 15. Although one of Besola's attorneys who had access to the records stated that the records did not contain any of Peterson's personal information, the trial court's concern was that the records could expose Peterson to criminal prosecution. And Besola does not present any argument demonstrating that this concern was insufficient to support the trial

court's decision to deny Besola's motion to unseal these records.[10] Again, when a party does not cite any authority to support an argument, we assume there is none. *Kanam*, 21 Wn. App. 2d at 911.

E.      OTHER LITIGATION

We also reject Besola's argument that the trial court should have granted the motion to unseal because she needs these records for use in other litigation, including a federal proceeding. Besola did not make this argument when she moved to unseal the records or when she moved for reconsideration, and we will not fault a trial court for failing to address grounds that were not presented.[11] Accordingly, we will not consider this argument. RAP 2.5(a).

III. NOVEMBER 17, 2021 FINDINGS OF FACT AND CONCLUSIONS OF LAW

Besola also argues that the trial court erred when it denied her motion to unseal the FormSwift records after entering the November 17, 2021 findings of fact and conclusions of law because the findings of fact and conclusions of law "eviscerated the concerns expressed by the trial court during the September 3, 2021 hearing as to why it would keep the Formswift Will Documents sealed." Appellant's Opening Br. at 5, 15.

---

[10] We again note that Besola's August 20, 2021 motion relied entirely on the stipulation portion of GR 15(e)(3). But even if Besola had brought the motion under the other prongs of GR 15(e)(3), which would allow the court to unseal records "upon motion and written notice to all parties and proof that identified compelling circumstances for continued sealing no longer exist, or pursuant to RCW 4.24, or CR 26(j)," her argument is unavailing because, as discussed above, the trial court's concern was the possibility that the records could expose Peterson to criminal prosecution, not just disclose her personal information.

[11] The trial court docket suggests that the counterclaims against Besola were voluntarily dismissed. Besola does not address the dismissal of the counterclaims. But if the counterclaims were dismissed, the reason Morgan articulated for needing access to the sealed records are now likely moot.

But the November 17, 2021 findings of fact and conclusions of law did not exist when Besola moved to unseal the FormSwift records on August 20, 2021. And there is nothing in the record showing that Besola renewed her motion to unseal the FormSwift records after the trial court entered the November 17, 2021 findings of fact and conclusions of law. We decline to hold that the trial court erred when it denied the September 2021 motion to unseal or the related motion for reconsideration based on facts that did not exist at the time of these decisions. Furthermore, we decline to consider this argument further because it was never before the trial court and is not a manifest error.[12] RAP 2.5(a).

## IV. CONSTITUTIONAL PRINCIPLES

Finally, Besola argues that the trial court erred when it denied the motion to unseal the FormSwift records because unsealing these records was consistent "with the constitutional principle that justice in Washington shall be open and free from unreasonable delay to promote public confidence in the fairness and honest[y] of the judicial branch of government" in light of the November 17, 2021 findings of fact and conclusions of law. Appellant's Opening Br. at 6. But Besola predicates this argument entirely on her assertion that there is no longer any justification for sealing the records following the issuance of the November 17, 2021 findings of fact and conclusions of law. As discussed above, we will not find error based on facts that did not exist when the trial court issued the orders currently before us.

---

[12] Nothing in this opinion prevents Besola from presenting this argument in a new motion to unseal these records.

No. 56205-7-II

CONCLUSION

Besola has not demonstrated that the trial court abused its discretion or applied an incorrect legal rule when it denied her August 20, 2021 motion to unseal the FormSwift records or when it denied her motion for reconsideration. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Cruser, J.

We concur:

Lee, J.

Glasgow, C.J.